AND

## THE CORRECTION OF ERRORS

OF THE

### STATE OF NEW-YORK;

IN SEPTEMBER AND NOVEMBER, 1822.

---

GEORGE B. EVERTSON, Appellant,
*against*
GEORGE BOOTH and others, Respondents.

*J. TALLMADGE*, Jun., for the appellant, moved, that the *remittitur* in this cause, in which a decree of reversal was pronounced by this Court, at its last session, (see 19 *Johns. Rep.* 486.) be amended or modified, so as to give the appellant *costs.* He observed, that the *remittitur* had not yet been sent to the Court of Chancery, and was, therefore, in the power of the Court. He, also, moved, that the appellant be allowed interest on his deposit. He said, that prior to the act of *April* 12, 1813, (1 *N. R. L.* 343. sess. 36. ch. 96. s. 13.) no costs were allowed on the reversal of a decree ; and the cases of *Le Guen* v. *Gouverneur*, (1 *Johns. Cases*, 522.) and *Farquharson* v. *Mabee*, (3 *Johns. Rep.* 553.) were decided before that statute was passed.   But, in *Parkhurst* v. *Cortlandt*, (14 *Johns. Rep.* 45.) decided since that time, the right of the appellant to costs, on the reversal of a decree, had been established.

*Costs* are not allowed on appeal in this Court, on the reversal of the decree of the Court of Chancery: Nor, it seems, *interest* on the deposit of money, on filing the appeal.

SPENCER, Ch. J.   In that case, the *remittitur* was so

IN ERROR.
·······

ALBANY,
Sept. 1822.

EVERTSON
v.
BOOTH.

drawn up incorrectly; but it was, afterwards, corrected by the Court, during the same session, and the costs struck out.

*Tallmadge.* In the cases of *Simson* v. *Hart,* (14 *Johns. Rep.* 63—77.) and *Anderson* v. *Roberts,* (18 *Johns. Rep.* 515—543.) afterwards decided, costs were allowed.

*P. Ruggles,* contra. In the cases of *Simson* v. *Hart,* and *Anderson* v. *Roberts,* in which it is said, that the decrees were reversed, with costs, it is evident, and so this Court must be understood to mean, with costs to the appellants in the Court of Chancery. It is not said, that the appellants were to have costs in this Court, on the reversal. The statute referred to, speaks only of the reversal of a judgment on a *writ of error.* We have always supposed it to be a settled rule, that no costs were allowed in this Court, in a case like the present, of a reversal on *appeal.* The appellant cannot justly claim *interest* on his deposit. The money was deposited, and withheld from him, by an order of the Court.

SPENCER, Ch. J. I very much doubt whether the decree in this cause can now be modified at all; but if it could, I recollect no instance in which we have allowed costs on the *reversal* of a decree of the Court of Chancery.

PLATT, J., and WOODWORTH, J., concurred.

*September 4th.* *Per totam Curiam.* Motion denied.